IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.: 06-CV-02274-EWN-MJW**

Cathryn Schioppi,

    Plaintiff,

v.

Costco Wholesale Corporation,
a/k/a Costco Wholesale
a/k/a Costco,

    Defendant.

## STIPULATED PROTECTIVE ORDER

The parties to this action, by their respective attorneys of record, hereby stipulate as follows:

1.    Documents covered by this Order are defined as "Confidential Documents" and shall include any document, portion of any deposition transcript, interrogatory answer, response to request for admission, and any other discovery material which discloses any information regarding:

    a.    personnel information regarding any current or former employee of Costco other than Plaintiff, including but not limited to documents contained in such employee's personnel file, Costco department and/or human resource files, Costco's work-place investigation files, or any other Costco files containing documents related to individual employees' work history, salary or job performance, and/or documents indicating such employees' home address or other personal data;

    b. training documents on which Costco relies for purposes of developing a competitive workforce that distinguishes it from its competitors; and

    c. any documents, portion of any deposition transcript, interrogatory answer, response to request for admission, and any other discovery material designated as "confidential" by either party.

Testimony discussing or disclosing the contents of Confidential Documents shall be deemed confidential without further designation except as provided in Paragraph 2. The title of documents is not confidential.

Should either party wish to add additional categories to this agreement, the proposing party may do so in a letter to the other party which, if agreed to in writing, shall become and be treated as part of this agreement.

Either party may object to the designation of any document as "confidential" pursuant to paragraph by notifying the producing party in writing. The notice shall identify the challenged designation, and shall specifically state the reason or reasons for the objection. If the parties are unable to resolve the objection, the dispute over the objection may be submitted to the Court. Notwithstanding the objection, such document and the contents thereof shall be treated as confidential until a contrary determination is made by written agreement of the parties or by order of this Court.

The parties acknowledge that discovery may have proceeded without a protective order but agree that this Order will have retroactive affect. The inadvertent or unintentional failure by a producing party to designate specific documents or materials as "Confidential" shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such documents or

materials. Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed information, without prejudice.

Any disclosure to be made of Confidential Documents or of any information contained therein shall be governed by the further provisions of this Order.

2. In connection with this Order, "disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, disseminate, or otherwise communicate information, whether pursuant to request, interrogatory, or process, and whether in accordance with the Federal Rules of Civil Procedure and the Local Rules for the Federal District Court for the District of Colorado, or otherwise but does not include testimony, argument or use of documents at trial.

3. Confidential Documents, and the contents thereof, may be copied and retained by the receiving party, and may be used by the party and the party's counsel, if any, solely for purposes of conducting the above-captioned litigation. Confidential Documents, and the contents thereof, shall not be disclosed or made known by the parties and/or their counsel to any other person, except *only* as follows:

    a. To the directors, officers, and employees or former directors, officers and/or employees of the parties to the extent necessary for conduct of this litigation or the performance of their respective duties in connection with this action;

    b. To any attorneys of the parties, including any necessary paralegal and other clerical personnel employed by counsel, for carrying out their respective duties in connection with this action;

3

c. To experts, consultants, insurance or claims representatives, nonparty witnesses or other persons whose assistance is necessary for purposes of litigating this action, to the extent necessary in order to furnish such assistance. Unless the parties in writing agree otherwise, each such expert, consultant, nonparty witness, or other person must sign an acknowledgment of this Order stating that he or she is fully familiar with the terms of this Order and that he or she will not disclose the contents of any Confidential Documents to any other person without further order of the Court. A copy of each such Order shall be retained by the receiving party; and

d. To this Court or the Clerk of Court for the District of Colorado (or their employees or agents) pursuant to the filing of a court paper or in open court in connection with a hearing or trial on this action.

4. The authorized disclosures provided for in Paragraph 3 above shall be solely for the use and purposes of this action, and any person, party, or entity receiving any confidential document or the contents thereof shall not use or disclose said information, directly or indirectly, in any manner whatsoever, to any other person, party, or entity not specified in Paragraph 3 herein above. Confidential documents, and the contents thereof, shall not be used for any business, commercial, competitive or personal reason.

5. From time to time, if any party in this action deems it necessary for the preparation of the trial of this action to disclose any Confidential Document to any person or entity other than those described in Paragraph 3, the parties shall utilize the following procedure:

a. The receiving party shall serve on the producing party a notice identifying the person or entity to whom disclosure is proposed to be made, together with a designation of

the specific Confidential Documents, or information contained therein which would be disclosed to each such person, party, or entity. Such notice shall be accompanied by a copy of this order signed on the last page by each such person, or by a director, officer, partner, or authorized agent of such entity, as Acknowledgment and Agreement that he is fully familiar with the terms of this Order and that he/she will not disclose any Confidential Document, or any information contained therein to any other person without further order of the Court.

      b.      If the producing party objects to the disclosure of any designated Confidential Document, or any of the persons named in such notice, s/he shall communicate his objections in writing within seven (7) days after receiving such notice, or such additional time as may be agreed upon, to the party proposing the disclosure.

      c.      After expiration of the time for communication of objections, the party proposing the disclosure may proceed to make any disclosures covered by the notice which have not been objected to by the opposing party.

      d.      Disclosures that are objected to shall not be made without further order of the Court. The party proposing the disclosure may move [consistent with D.C.Colo.LCivR 7.2 and 7.3] this Court at any time for an order allowing such disclosure despite the objections of the opposing party.

[handwritten margin notes: "MJW 2/26/07"]

5

CHI 11158846.1

6.Nothing herein shall prevent any party from disclosing its own Confidential Document or information as it deems appropriate and such disclosure shall not waive the protections of this Order with respect to any other Confidential Document(s), whether or not such other document(s) is related to the voluntarily disclosed document or information.

7.Upon the final termination of this action by judgment, by compromise and settlement, or appellate action, each and every copy of all documents produced as Confidential Documents shall be returned within 30 days to the party from whom they originated, or written confirmation that such documents have been destroyed. If any such documents are not returned or destroyed, they shall remain in possession of the party only and those documents shall remain subject to this Protective Order until such time as they are returned or destroyed. The provisions of this paragraph apply equally to Confidential Documents and to any copies, portions, quotations, excerpts, fragments, and summaries thereof, as well as any documents containing information derived from such Confidential Documents, except that all Confidential Documents or portions thereof which are included with or attached to discovery conducted in the litigation shall remain with it, subject to the terms and conditions of this Protective Order.

8.Counsel for the parties, if any, may retain their work product and all briefs, pleadings or other filings with the Court which incorporate Confidential Documents or disclose materials contained therein, but these materials shall remain subject to the terms and conditions of this Protective Order.

9. This Order shall be without prejudice to the right of any party to oppose production of any information for any lawful grounds, and nothing in this Order shall be construed to limit any party's right to oppose discovery on any grounds that otherwise would be available. This Order shall not limit any party's right to seek further and additional protection against, or limitation upon, production or dissemination of information and documents or their contents.

10. The parties may seek modification of this Order immediately prior to trial for the sole purpose of expediting trial preparation and the presentation of evidence at trial.

SO ORDERED this 26TH day of February, 2007

~~DISTRICT COURT JUDGE~~
~~MAGISTRATE JUDGE~~

**MICHAEL J. WATANABE**
**U.S. MAGISTRATE JUDGE**
**DISTRICT OF COLORADO**

**ACKNOWLEDGED AND AGREED TO BY:**

| Attorneys for Plaintiff | Attorneys for Costco Wholesale Corporation |
|---|---|
| | s/ Erin Dougherty Foley |
| Russell P. Rowe | Erin Dougherty Foley |
| R. William Rowe | SEYFARTH SHAW LLP |
| PERSON HOROWITZ & BURNETT, P.C. | 131 S. Dearborn Street, Suite 2400 |
| 1775 Sherman Street, 31st Floor | Chicago, IL 60603 |
| Denver, CO 80203 | (312) 460-5000 (phone) |
| rrowe@ph-law.com | (312) 460-7000 (facsimile) |
| wrowe@ph-law.com | edfoley@seyfarth.com |

Thomas J. Wybenga
SEYFARTH SHAW LLP
1605 Sammamish Road, Suite 250
Issaquah, WA 98027
(425) 657-2202 (phone)
(425) 657-2102 (facsimile)
twybenga@seyfarth.com

7

CH1 11158846.1

David D. Powell, Jr.
Kimberly L. Intagliata
BROWNSTEIN HYATT FARBER SCHRECK, P.C.
410 Seventeenth Street, 22nd Floor
Denver, Colorado 80208-4437
(303) 223-1100 (phone)
(303) 223-1111 (facsimile)
dpowell@bhfs.com
kintagliata@bhfs.com

8

CH1 11158846.1