IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 06–cv–02274–EWN–MJW

CATHRYN SCHIOPPI,

    Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,
a/k/a COSTCO WHOLESALE,
a/k/a COSTCO,

    Defendant.

---

## ORDER

---

This matter is before the court on Plaintiff's motion to strike and/or for an extension of time (#50). It appears that this is yet another instance of petulant attorneys wasting their clients' money and this court's time on matters which could be resolved by a single telephone call. Defendant electronically served a motion for summary judgment on Friday, July 13, 2007. Under the local rules, Plaintiff's response was due in twenty days. Under Fed. R. Civ. P. 6(e), three days are added because service was made by electronic means under federal rule 5(b)(2)(D). Because the time prescribed is more than eleven days, counting began on Saturday, July 14 (Fed. R. Civ. P. 6[a]), and the response was due August 2. Plaintiff is simply mistaken in thinking that the response was due August 6, and it is a mystery to the court how counsel reached that conclusion.

When August 2 came and went, Defendant's counsel could have picked up the telephone and called Plaintiff's counsel. Such an inquiry would have revealed the silly mistake and, one would think, precipitate an agreement for a short extension of time to file a response. That certainly would have been within the spirit, if not the letter, of local rule 7.1A. That's not what happened. Instead, Defendant's counsel — evidently one who practices out-of-state and may not be familiar with the utter contempt which this court holds for lawyers' shenanigans — commenced a game of "gotcha" by filing a "reply" on August 3, noting that no response had been filed, purporting to rely on this court's opinion in *Alvariza v. Home Depot*, and suggesting that Defendant was entitled to summary judgment. Since *Alvariza* is so factually, procedurally, and legally different from this case, it is hard to believe that any sentient being trained in the law could conclude that it bears remotely on the situation before the court. The same is true of *Tucker v. Colo. Dep't of Pub. Health & Env't,* 104 Fed. Appx. 704 (10th Cir. 2004), the other case which Defendant cites. On this sorry state of the record, it is

ORDERED as follows:

1. Each lawyer will serve a copy of this order on her or its client. Neither lawyer shall charge the client for any time spent on this contretemps. Both lawyers shall certify to the court that the orders reflected in the preceding two sentences have been, and will be, complied with.

2. The alternate motion to extend until August 6 the time for filing a response to the summary judgment motion is GRANTED.

3. The "reply" is hereby stricken.

4. Counsel are admonished that further behavior of this genre may result in sanctions.

Dated this 6th day of August, 2007.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge